USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 11-20-09

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------X
GUANGZHOU SALVAGE BUREAU,           :
                                    :     2:08 Civ. 6024 (VM)
                    Plaintiff,      :
                                    :
     - against -                    :     **ORDER**
                                    :
INTRALINE RESOURCES, et al.,        :
                                    :
                    Defendants.     :
-----------------------------------X

**VICTOR MARRERO, United States District Judge.**

Following the issuance of the ruling by the Court of Appeals for the Second Circuit in Shipping Corp. of India Ltd. v. Jaldhi Overseas Pte Ltd., __ F.3d __, No. 08-3477, 2009 WL 33119675 (2d Cir. 2009), the Court, by Order to Show Cause dated October 20, 2009, directed plaintiff Guangzhou Salvage Bureau ("Guangzhou") to show cause why the attachment order authorized by the Court in this case by Order dated November 20, 2008 as subsequently amended and renewed, should not be vacated and the funds restrained pursuant to that Order be released. Guangzhou responded by letter dated November 12, 2009. It argued that Guangzhou had obtained an attachable interest in the electronic funds transfer ("EFT") at issue, upon which it detrimentally relied in good faith based on then controlling law in prosecuting related proceedings in the parties' underlying dispute, and that nothing in Jaldhi indicates that the Second Circuit decision has retroactive effect.

By letter dated November 17, 2009 defendant Intraline Resources SDN BHD ("Intraline") challenges Guangzhou's arguments. More recently, the Second Circuit issued a decision in Hawknet, Ltd. v. Overseas Shipping Agencies, No. 09-2128-cv (2d Cir. Nov. 13, 2009), in which it held that Jaldhi applies retroactively, and that a party's failure to assert a challenge to personal jurisdiction in the District Court in light of controlling Circuit law prior to Jaldhi does not constitute a waiver of an objection on jurisdictional grounds. The Court views Hawknet as applicable to the circumstances of this case insofar as the restrained assets derived from property that on the date the attachment Order was executed constituted an EFT. Jaldhi and Hawknet thus compel a finding that personal jurisdiction over Intraline did not exist on the date of the attachment, and that the restrained funds must be released. Other courts in this District have considered the issues raised by the parties in this matter and have reached similar conclusions. See, e.g., Hansa Sonderburg Shipping Corp. v. Hull and Hatch Logistics LLC, No. 09 Civ. 7164, (S.D.N.Y. Nov. 16, 2009.

The Court is mindful that Jaldhi has opened issues such as those raised by Guangzhou above, and that those issues are likely to be addressed by the Second Circuit on appeal of this action or in other pending cases. In order to afford Guangzhou time for appeal without undue prejudice to Guangzhou, or allow for appellate clarification of these matters in other pending cases that may have

Case 1:08-cv-06024-VM   Document 35   Filed 11/20/09   Page 3 of 3

bearing on the disposition of the matter at hand, the Court will stay execution of its judgment in this proceeding for twenty days. Accordingly, it is hereby

**ORDERED** that the Clerk of Court is directed to enter judgment vacating the attachment order dated November 20, 2008 (Docket No. 11) as subsequently amended, provided that execution of the Court's judgment herein shall be stayed for twenty days from the date of entry of such judgment. The Clerk of Court is directed to withdraw any pending motions and close this case.

**SO ORDERED.**

Dated:   New York, New York
         20 November 2009

                              VICTOR MARRERO
                                 U.S.D.J.